# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARIS AMPS, | Case No.  1:23-cv-01257-SKO |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE |
| v. | |
| ALVIN HARRELL, | |
| Defendant. | **21-DAY DEADLINE** |
| | (Doc. 2) |

On August 22, 2023, Plaintiff Travaris Amps ("Plaintiff"), proceeding *pro se*, filed a complaint. (Doc. 1.)  Plaintiff failed to pay the $402 filing fee or submit an application to proceed *in forma pauperis* ("IFP").  On August 24, 2023, the Court ordered Plaintiff to either pay the filing fee or file an IFP application within thirty (30) days.  (Doc. 2.)  To date, Plaintiff has not complied with the Court's August 24, 2023 order.[1]  (*See* Docket.)

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*,

---

[1] Also on August 24, 2023, Plaintiff filed a "notice" with the Court. (Doc. 3.)  It is unclear what Plaintiff is intending to convey with this filing, and his statements in the notice are difficult for the Court to decipher.  Attached to the notice, for example, is a criminal complaint naming Plaintiff as the defendant, the relevance of which is unclear to the Court.  (*See* Doc. 3 at 7–8.)

782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's August 24, 2023 order (Doc. 2) and for failure to prosecute**.  Alternatively, within that same time period, Plaintiff may either pay the $402 filing fee or submit an IFP application.  The undersigned further CAUTIONS Plaintiff that, if he fails to take appropriate action within twenty-one (21) days of the date of service of this order, the undersigned will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Clerk of the Court is DIRECTED to send an application to proceed *in forma pauperis* along with a copy of this order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

| | |
|---|---|
| Dated:   **October 2, 2023** | /s/ *Sheila K. Oberto*  |
| | UNITED STATES MAGISTRATE JUDGE |